UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS J. WILLARD,

        Plaintiff,

v.

HUNTINGTON FORD, INC.,
a Michigan corporation,

        Defendant.

Case No. 2:17-cv-14202-AJT-EAS

Hon. Arthur J. Tarnow

Magistrate Judge Elizabeth A. Stafford

| | |
|---|---|
| RAYMOND J. STERLING (P34456)<br>BRIAN J. FARRAR (P79404)<br>STERLING ATTORNEYS AT LAW, P.C.<br>Attorneys for Plaintiff<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI  48304<br>248.644.1500<br>rsterling@sterlingattorneys.com<br>bfarrar@sterlingattorneys.com | EBONY L. DUFF (P65431)<br>GARAN LUCOW MILLER, P.C.<br>Attorney for Defendant<br>1155 Brewery Park Blvd., Suite 200<br>Detroit, MI  48207<br>313.446.5543<br>eduff@garanlucow.com |

**DEFENDANT HUNTINGTON FORD, INC.'S
MOTION FOR SUMMARY JUDGMENT**

**BRIEF IN SUPPORT OF
DEFENDANT HUNTINGTON FORD, INC.'S
MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

## DEFENDANT HUNTINGTON FORD, INC.'S
## MOTION FOR SUMMARY JUDGMENT

Defendant Huntington Ford, Inc., through its attorneys, Garan Lucow Miller, P.C., moves this Court for summary judgment pursuant to Fed. R. Civ. Pro. 56 and in support of its motion, states as follows:

1. Plaintiff initiated this lawsuit alleging claims of age discrimination under the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 623 and the Elliott Larsen Civil Rights Act, M.C.L. 37.2202(1)(a), arising out of his termination of employment with Defendant Huntington Ford. (R.1, Complaint).

2. At the time of Plaintiff's termination he was 63 years old. He had been employed as a Sales Associate of New Cars and had a history of being a high volume salesperson with an abrasive personality. Plaintiff's ultimate termination from the dealership was the result of a verbal altercation he had with another sales associate, Ms. Duley, who was fifty-six years old and had been employed with the dealership for 28 years.

3. On December 21, 2016, Ms. Duley and Plaintiff engaged in a verbal altercation which led to Ms. Duley resigning immediately from the dealership and calling the police to the dealership. Following this altercation, Plaintiff was suspended for three full days and instructed to return on Monday, December 26, 2016, to discuss his employment. When Plaintiff did not return to work that day he was terminated.

4.    Plaintiff attempts to create an age discrimination claim by claiming that earlier in 2016 he was asked about retirement, he was told he was "too old" to be working there, he was referred to as being over the hill, and he was requested to move his desk to the back of the showroom. Plaintiff claims that the dealership pressured Ms. Duley to file a false police report so that the dealership could terminate him and that the stated reason for termination was a pretext for age discrimination.

5.    Defendant seeks summary judgment of Plaintiff's entire complaint because Plaintiff cannot establish by the preponderance of the evidence that age was the but-for cause of his termination.

6.    Plaintiff cannot offer any direct or circumstantial evidence to satisfy his claim of age discrimination.

7.    Indeed, Plaintiff has no direct evidence that age was the but for cause of his termination.

8.    Moreover, he cannot establish such a claim by circumstantial evidence.  To that end, Plaintiff cannot establish a prima facie claim of age discrimination with circumstantial evidence because he cannot show that he was replaced by someone outside of the protected class because no one replaced Plaintiff's position as a Sales Associate of New Cars at the time he was terminated.

2

9.    Even if Plaintiff could establish a prima facie case of age discrimination, Defendant has offered a legitimate, nondiscriminatory reason -- failure to return to work after being suspended -- for terminating Plaintiff's employment.  The burden then shifts back to Plaintiff to offer sufficient evidence to create an issue of fact regarding pretext which he cannot do.

10.    Ultimately, reasonable minds cannot differ that Plaintiff cannot show by a preponderance of the evidence that his age was the but for cause of his termination and, therefore, Defendant is entitled to summary judgment on both Plaintiff's federal and state claim of age discrimination.

11.    Concurrence was sought in this motion on November 14, 2018, but no response was given.

Wherefore, Defendant Huntington Ford, Inc., respectfully requests this Court to grant its Motion for Summary Judgment and dismiss Plaintiff's claim in its entirety.

Respectfully submitted:

By:  s/ Ebony L. Duff
EBONY L. DUFF (P65431)
GARAN LUCOW MILLER, P.C.
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5543
eduff@garanlucow.com

Dated:  November 15, 2018
1417541

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS J. WILLARD,

      Plaintiff,

v.

HUNTINGTON FORD, INC.,
a Michigan corporation,

      Defendant.

Case No. 2:17-cv-14202-AJT-EAS

Hon. Arthur J. Tarnow

Magistrate Judge Elizabeth A. Stafford

| RAYMOND J. STERLING (P34456) | EBONY L. DUFF (P65431) |
|---|---|
| BRIAN J. FARRAR (P79404) | GARAN LUCOW MILLER, P.C. |
| STERLING ATTORNEYS AT LAW, P.C. | Attorney for Defendant |
| Attorneys for Plaintiff | 1155 Brewery Park Blvd., Suite 200 |
| 33 Bloomfield Hills Pkwy., Ste. 250 | Detroit, MI  48207 |
| Bloomfield Hills, MI  48304 | 313.446.5543 |
| 248.644.1500 | eduff@garanlucow.com |
| rsterling@sterlingattorneys.com | |
| bfarrar@sterlingattorneys.com | |

**BRIEF IN SUPPORT OF
DEFENDANT HUNTINGTON FORD, INC.'S
MOTION FOR SUMMARY JUDGMENT**

## CONCISE STATEMENT OF ISSUE PRESENTED

Where Plaintiff was terminated following a verbal altercation with another employee, a suspension from employment and then failing to return to work following the suspension, Plaintiff's federal and state age discrimination claim should be dismissed because Plaintiff cannot show by the preponderance of the evidence that his age was the but for cause of his termination of employment.

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

29 U.S.C. § 623(a)(1)

M.C.L. 37.2202(1)(a)

*Gross v. FBL Financial Services, Inc.,* 557 U.S. 167, 177-178 (2009)

# TABLE OF CONTENTS

**Page**

Concise Statement of Issue Presented ........................................................ i

Controlling or Most Appropriate Authority ................................................. ii

Table of Contents ..................................................................................... iii

Index of Authorities .................................................................................. iv

List of Exhibits .......................................................................................... vi

Introduction ............................................................................................... 1

Statement of Facts .................................................................................... 3

Standard of Review ................................................................................. 13

Argument ................................................................................................ 13

    Plaintiff cannot establish by the preponderance of the evidence that age was the but-for cause of his termination and therefore both his federal and state age discrimination claims should be dismissed ............................................................................................ 13

    A.      Direct Evidence ..................................................................... 15

    B.      Circumstantial Evidence ........................................................ 17

        1.  Plaintiff cannot show that Defendant's proffered reason has no basis in fact. ............................................................ 20

        2.  Plaintiff cannot show that Defendant's proffered reason did not actually motivate its termination decision. ..................... 21

        3.  Plaintiff cannot show that Defendant's proffered reason was an insufficient motive to discharge Plaintiff. ....................... 22

# INDEX OF AUTHORITIES

**Page**

## <u>Cases</u>

*Allen v. Highlands Hosp. Corp.*,
    545 F.3d 387 (6th Cir. 2008) ............................................................ 17

*Bush v. Dictaphone Corp.*,
    161 F.3d 363 (6th Cir. 1998) ............................................................ 16

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ......................................................................... 13

*Chattman v. Toho Tenax Am., Inc.*,
    686 F.3d 339 (6th Cir. 2012) ....................................................... 19, 20

*Chen v. Dow Chem. Co.,*
    580 F.3d 394 (6th Cir. 2009) ............................................................ 19

*DeBrow v. Century 21*,
    463 Mich. 534 (2001) ....................................................................... 14

*DiCarlo v. Potter*,
    358 F.3d 408 (6th Cir. 2004) ............................................................ 14

*Ercegovich v. Goodyear Tire & Rubber Co.*,
    154 F.3d 344 (6th Cir. 1998) ............................................................ 22

*Geiger v. Tower Automotive*,
    579 F.3d 614 (6th Cir. 2009) ............................................................ 14

*Gross v. FBL Financial Services*, Inc.,
    557 U.S. 167 (2009) .................................................................... 15, 19

*Gulley v. Cnty. of Oakland,*
    496 Fed.Appx. 603 (6th Cir. 2012) ................................................... 22

*Harris v. Metro. Gov't.*,
    594 F.3d 476 (6th Cir. 2010) ............................................................ 17

*Hopson v. DaimlerChrysler Corp.*,
    306 F.3d 427 (6th Cir. 2002) ............................................................ 17

*Logan v. Denny's, Inc.*,
    259 F.3d 558 (6th Cir. 2001) ............................................................ 13

*McKinley v. Skyline Chili, Inc.,*
   534 Fed. Appx. 461 (6th Cir. 2013) ................................................... 22

*Reeves v. Sanderson Plumbing Prods., Inc.,*
   530 U.S. 133; 120 S.Ct. 2097; 147 L.Ed.2d 105 (2000) ................... 15

*Smith v. Chrysler Corp.,*
   155 F.3d 799 (6th Cir. 1998) .......................................................... 19

*Sniecinski v. Blue Cross Blue Shield of Michigan,*
   469 Mich. 124 (2003) ...................................................................... 14

*Treadway v. California Products Corporation,*
   659 Fed.Appx. 201 (6th Cir. 2016) (unpublished) ............................ 14

*Wexler v. White's Fine Furniture, Inc.,*
   317 F.3d 564 (6th Cir. 2003) (en banc) ............................................ 14

## Court Rules / Statutes / Other Authorities

29 U.S.C. § 623 ...................................................................................... 1

29 U.S.C. § 623(a)(1) ............................................................................ 13

Fed. R. Civ. P. 56 .................................................................................. 12

Fed. R. Civ. P. 56(c) .............................................................................. 12

M.C.L. § 37.2202(1)(a)........................................................................... 13

M.C.L. 37.2202 ....................................................................................... 1

# LIST OF EXHIBITS

Exhibit A   Plaintiff's Deposition

Exhibit B   Huntington Ford Employment Handbook with Plaintiff's acknowledgement (**Subject to Protective Order and Submitted Under Seal**)

Exhibit C   February 3, 2011 Employee Warning Notice (**Subject to Protective Order and Submitted Under Seal**)

Exhibit D   August 7, 2012 Employee Warning Notice (**Subject to Protective Order and Submitted Under Seal**)

Exhibit E   Scoggin Deposition

Exhibit F   Malouf Deposition

Exhibit G   Calhoun Deposition

Exhibit H   Oakland County Sheriff Case Report

Exhibit I   Calhoun Statement (**Subject to Protective Order and Submitted Under Seal**)

Exhibit J   Schiller Deposition

Exhibit K   December 21, 2016 Employee Warning Notice (**Subject to Protective Order and Submitted Under Seal**)

Exhibit L   December 27, 2016 Employee Warning Notice - Termination (**Subject to Protective Order and Submitted Under Seal**)

Exhibit M   EEOC Discharge

Exhibit N   Huntington Ford Census of Employment (**Subject to Protective Order and Submitted Under Seal**)

Exhibit O   December 28, 2106 Russ Milne Employment Application

## INTRODUCTION

This lawsuit arises out of Plaintiff Dennis Willard's termination from employment with Defendant Huntington Ford, Inc.  At the time of Plaintiff's termination he was 63 years old.  He had been employed with Defendant for eleven years as a Sales Associate of New Cars and had a history of being a high volume salesperson with an abrasive personality.  Plaintiff's ultimate termination from the dealership was the result of an altercation he had with another sales associate, Ms. Duley, who was fifty-six years old and had been employed with the dealership for 28 years.  Ms. Duley and Plaintiff engaged in a verbal altercation in the showroom which led to Ms. Duley resigning immediately from the dealership and calling the police to report the altercation.  Following this altercation, Plaintiff was suspended for three full days and instructed to return on Monday, December 26, 2016, to discuss his employment.  When Plaintiff did not return to work that day he was terminated based on his unwillingness to review the altercation incident, the severity of his actions, and previous written and verbal warnings.

Plaintiff has now initiated this lawsuit alleging claims of age discrimination under the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 623 and the Elliott Larsen Civil Rights Act, M.C.L. 37.2202, arising out of his termination of employment with Defendant Huntington Ford.

Plaintiff attempts to create an age discrimination claim by claiming that earlier in 2016 he was asked about retirement, he was told he was "too old" to be working there, he was referred to as being over the hill, and he was requested to move his desk to the back of the showroom.  Plaintiff claims that the dealership pressured Ms. Duley to file a false police report so that the dealership could terminate him and that this termination was a pretext of age discrimination.

Defendant now seeks summary judgment of Plaintiff's entire complaint because Plaintiff cannot establish by the preponderance of the evidence that age was the but for cause of his termination.

Indeed, Plaintiff has no direct evidence that age was the but-for cause of his termination because there are no allegations that any direct statements regarding his age were made during the decision process to terminate Plaintiff.

Moreover, Plaintiff cannot establish a claim of age discrimination by circumstantial evidence.  To that end, Plaintiff cannot establish a prima facie claim of age discrimination with circumstantial evidence because he cannot show that he was replaced by someone outside of the protected class because no one replaced Plaintiff's position as a Sales Associate of New Cars at the time he was terminated.  Even if Plaintiff could establish a prima facie case of age discrimination, Defendant has offered a legitimate,

nondiscriminatory reason -- failure to return to work after being suspended -- for terminating Plaintiff's employment.  The burden then shifts back to Plaintiff to offer sufficient evidence to create an issue of fact regarding pretext which he cannot do.

Ultimately, reasonable minds cannot differ that Plaintiff cannot show by a preponderance of the evidence that his age was the but for cause of his termination and, therefore, Defendant is entitled to summary judgment of Plaintiff's entire complaint.

## STATEMENT OF FACTS

Plaintiff was employed as an at-will employee with Huntington Ford, Inc., from March 1, 2005, to the date of his termination on December 27, 2016.  At the time of his termination, Plaintiff was 63 years old.  Plaintiff was hired as a Sales Associate of New Cars and earned a salary and commission based on the vehicles he sold.  Plaintiff's direct supervisor was New Car Manager Tony Malouf (56 years old).  All Sales Associates reported to the General Manager, Brad Schiller (63 years old) and the Dealer President Patrick Scoggin (55 years old).

Plaintiff acknowledged that he received a copy of the Huntington Ford employee handbook at the commencement of his employment.  (**Exhibit A**,

Plaintiff's deposition, p. 73).  The employment handbook sets forth "What

Huntington Ford Expects of You" which includes Rules of Conduct:

> Violations of the following rule will, at the discretion of the Dealership, result in discipline up to and including discharge:
>
> The following is neither a complete nor exhaustive list of conduct or circumstances which might result in an employee's immediate termination.  This list is only illustrative of conduct that is to be avoided and which, at the discretion of the Dealership, might result in disciplinary action up to and including immediate termination.  These examples are in no way a limitation on the right or ability of the Dealership to terminate its employees' services for any reason at any time.
>
> * * * * *
>
> 3.     Threatening, intimidating, coercing, interfering, or fighting with employees, customers or visitors.
>
> 4.     Insubordination, including failure to follow instructions given by a supervisor or disobedience to authority.
>
> * * * * *
>
> 19.    Conduct offensive to, or in disregard of, the rights and privileges of others on Dealership premises.
>
> * * * * *
>
> 31.    Violation of any of the policies contained in this Employee Handbook including but not limited to: Policy Prohibiting Discrimination, Harassment, and Retaliation, Absenteeism and Tardiness . . .
>
> It must be recognized that either the employee of Huntington Ford has the option of terminating the

4

employment relationship at any time with or without
cause and with or without notice.

(**Exhibit B**, Employment Handbook, pp. 27-29).

The Employee Handbook also prohibits any acts or threats of violence including "disruptive behavior" that disturbs, interferes with or prevents normal work functions and activities.  Any such act or threat may lead to discipline including discharge.  (**Exhibit B**, p. 35).

The Employee Handbook defines an "unexcused absence" to include failing to timely notify the dealer of your absence.   The Employee Handbook further provides that "the Dealership may discipline employees, up to and including discharge, based upon any UNEXCUSED absence or tardiness (however minor), if the employee has previously violated any other Employee Handbook policy."  (**Exhibit B**, p. 20).

The Employee Handbook also sets forth the dealership's policy that any unlawful discrimination against any employee based on, *inter alia*, age will not be allowed or tolerated.   (**Exhibit B**, p. 38).   The Handbook provides that "any employee who feels he or she has been the subject of any discrimination, harassment, or retaliation, including sexual harassment, should immediately report it to the Dealership."   The Dealership encourages that any harassment be reported "regardless of the offender's

position within the Dealership".  The Handbook provides several options on how to report harassment.  (**Exhibit B**, p. 38).

Plaintiff acknowledged that he was an At-Will employee and that he received the Employment Handbook.  (**Exhibit B**, Acknowledgement; and **Exhibit A**, p. 73).

*History of Discipline Warnings*

Before Plaintiff's termination on December 27, 2016, he had a history of disciplinary actions.  On February 3, 2011, Plaintiff was written up by his supervisor for swearing at the supervisor in the showroom.  This was his first warning and he was sent home early.  Plaintiff refused to sign the Warning Notice.  (**Exhibit C**, February 3, 2011 Notice).

Then on August 7, 2012, an Employee Warning Notice form was completed stating that Plaintiff signed a customer's signature instead of bringing the customer back in.  (**Exhibit D**, August 7, 2012 Employee Warning Notice).  The form indicates that when Plaintiff was questioned about this he responded, "no comment".  Plaintiff was suspended for the afternoon of August 7, 2012, and for the next day, August 8, 2012. (**Exhibit D**).

General Manager Patrick Scoggin explained that besides terminations and suspension, other forms of discipline include verbal

meetings and coaching before write ups.  (**Exhibit E**, Scoggin deposition, p. 26).  Mr. Scoggin rarely interacted with Plaintiff during his employment, but he recalls meeting with Plaintiff in follow up to a concern expressed by Kim Duley in 2014. (**Exhibit E**, p. 29). Duley came to his office expressing that she felt threatened by Plaintiff.  (**Exhibit E**, p. 30).  Following this conversation with Duley, Scoggin and the General Manager agreed to sit down with Plaintiff for a coaching session because he had complaints by billing and administrative staff also.  (**Exhibit E**, pp. 30-33).  Scoggin recalls telling Plaintiff that he was a good salesperson, but needed to work on how he deals with people.  (**Exhibit E**, Scoggin's deposition, pp. 30-33). Plaintiff could not testify one way or the other regarding whether this conversation took place in 2014.  (**Exhibit A**, pp. 101-105).

Mr. Scoggin testified that although Plaintiff was a good salesman at volume sales, his reputation throughout the dealership was as abrasive and a bully.  (**Exhibit E**, p. 12).

Tony Malouf, New Car Sales Manager, recalled seeing Plaintiff yelling at Ms. Duley many times and witnessed a few arguments between them.  (**Exhibit F**, Malouf's deposition, pp. 38-40).  He would always try to stop them and diffuse the situation before deciding what to do next. (**Exhibit F**, pp. 40-41).  Eric Calhoun, another New Car Sales Manager, echoed Mr. Malouf's testimony that Plaintiff was abrasive and that most of

the time Mr. Calhoun would let it "roll off his shoulders". (**Exhibit G**, Calhoun's deposition, pp. 17-20).

*Retirement*

Plaintiff claims that in early 2016 comments were made to him about when he was going to retire. The dealership employees deny any discussion at any time with Plaintiff regarding when he intended to retire. (**Exhibit F**, p. 64; and **Exhibit G**, p. 67; **Exhibit J**, Schiller deposition, p. 73). In the past, the dealership, has made accommodations for other employees wishing to retire. For instance, Mr. Scoggin explained that John Stoll had been with Huntington Ford for over 25 years and thinking of retiring. (**Exhibit E**, pp. 99 - 101). They made special accommodation for him to pull back and work on his basic customers on a part-time basis. (**Exhibit E**, pp. 99-101). Likewise, a similar arrangement was made for another employee, Mark Tracey, who was looking to cut his hours down to part time. (**Exhibit E**, pp. 99-101).

*Termination Event*

Plaintiff's termination from employment was precipitated by a verbal altercation he had with Sales Associate Kim Duley on December 21, 2016. On that date, Ms. Duley notified Defendant's management that she had a heated argument with Plaintiff on the showroom floor and advised that if he

8

"got in her face again" she would call the police.  (**Exhibit H**, Sheriff Case Report).  Ms. Duley advised that Plaintiff came within 2 inches of her face and belligerently blamed her for failing to get a dealer trade vehicle to the dealership in time for him to make a delivery to a customer.  (**Exhibit H**).  The incident was witnessed by several employees and customers.  Plaintiff claims that Ms. Duley physically assaulted him during this altercation.  Following this altercation, Plaintiff went into Mr. Malouf's office complaining about the dealer trade.  Mr. Malouf testified that Plaintiff threw the purchase documents on the floor in his office.  (**Exhibit F**, p. 58).  Mr. Calhoun witnessed Plaintiff throw down a full deal folder at Mr. Malouf's desk and use profanity to express his anger.  (**Exhibit**, Calhoun Statement; **Exhibit**, Calhoun dep., pp. 46-47 ).

Shortly after this all took place, Ms. Duley immediately resigned from employment, left the dealership, and contacted the Oakland County Sheriff Office.  (**Exhibit H**).  Ms. Duley had been employed with the dealership for 28 years.

The Oakland County Sheriff interviewed all involved parties and an Incident Report was completed.  (**Exhibit H**, Case Report).  Following the Oakland County Sheriff's investigation, General Manager Schiller and President Scoggin interviewed Plaintiff regarding the altercation with Ms. Duley.  At the conclusion of the interview, Plaintiff was suspended for the

remainder of Wednesday, Thursday and Friday (12/21/16, 12/22/16, and 12/23/16) and directed to return on Monday, December 26, 2016, for a review meeting to discuss the incident and possible termination from employment.  (**Exhibit K**, 12/21/16 Employee Warning Notice).  Plaintiff refused to sign the Employee Warning Notice and left the dealership. (**Exhibit K**).

General Manager Schiller explained that the dealership did not terminate Plaintiff that day because it was best to take a step back and consider the next steps.  (**Exhibit J**, p. 95). That date it felt best to send Plaintiff home for a few days.  (**Exhibit J**, p. 95).  Scoggin confirmed that they were very specific that Plaintiff was suspended for the rest of that week and was directed to return on Monday.  (**Exhibit E**, p. 75). Mr. Scoggin explained that they were to have a meeting on Monday, December 26, 2017, to give everyone time to step back and make a good decision. (**Exhibit E**, pp. 80-81). Mr. Scoggin did not want to act irrationally on December 21, 2016.  (**Exhibit E**, pp. 80-81).

Plaintiff did not return to work on Monday, December 26, nor Tuesday, December 27.  Based on Plaintiff's unwillingness to review the incident, the severity of his actions, and previous written and verbal warnings, a decision was made to terminate his employment.  (**Exhibit L**, 12/27/16 Employee Warning Notice).  On Wednesday, December 28, Mr.

Willard returned to the dealership and was notified of the termination decision. (**Exhibit A**, Plaintiff's dep., p. 133). Plaintiff claims that the same day he was terminated he obtained employment at another dealership, Russ Milne Ford.  Plaintiff executed an Application for Employment with Russ Milne Ford on December 28, 2016.  (**Exhibit O**, Application for Employment).  Under Plaintiff's experience, Plaintiff listed his employment with Huntington Ford and for the "Reason for Separation" he stated "could not lower my skill set to their level". (**Exhibit O**).  There is no mention that he was terminated or that the termination was the result of age discrimination. (**Exhibit O**).

Plaintiff admitted that despite his claims of being asked to move his desk, he had the same desk throughout his employment.  (**Exhibit A**, p 144).   Following Plaintiff's termination, his desk at Huntington Ford remained empty for a short period of time, probably between a week to a month.  (**Exhibit J**, pp. 76-77).  Eventually another Sales Associate, Bob Branni, was moved to Plaintiff's old desk.  (**Exhibit J**, pp. 76-77).  Mr. Branni had been employed with the dealership for 8 years and was fifty-six years old at the time of Plaintiff's termination.  (**Exhibit N**, Huntington Ford January 2016 Census, p. 2).

Following his termination, Plaintiff filed a Charge of Discrimination with the EEOC which was dismissed because the EEOC investigation was

11

unable to conclude that there was any violation of the statutes by Huntington Ford.  (**Exhibit M**, EEOC Dismissal and Notice of Rights).

Plaintiff then initiated this lawsuit alleging that he was pressured to retire and was told he was "too old" to be working there.  (R.1, Complaint, ¶ 15).  Plaintiff also claims that he was requested to move his desk to the back of the showroom.  (R.1).  Plaintiff claims the dealership pressured another employee to file a false police report which led to his termination. (R.1).  Plaintiff claims that his termination was a pretext for age discrimination.  (R.1, ¶ 35).  Plaintiff's Complaint alleges Count I, Age Discrimination - ADEA; and Count II - Age Discrimination in Violation of the Elliott-Larsen Civil Rights Act.  (R.1).  Plaintiff alleges the exact same allegations under each claim.  Plaintiff claims that Defendant treated younger employees more favorably than Plaintiff and the decision to suspend and fire Plaintiff was based on impermissible consideration of Plaintiff's age.  Plaintiff further alleged that Defendant was predisposed to discriminate on the basis of age.

Defendant now moves for summary judgment of Plaintiff's entire complaint on the basis that Plaintiff cannot establish a claim of age discrimination under federal or state law.

*Standard of Review*

Defendant Huntington Ford's motion for summary judgment is brought pursuant to Fed. R. Civ. P. 56.  Under this federal rule, summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  To prevail, the moving party must meet the burden of proving the absence of a genuine issue of material fact as to an essential element of the opposing party's claim.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Logan v. Denny's, Inc*., 259 F.3d 558, 566 (6th Cir. 2001).

## ARGUMENT

**Plaintiff cannot establish by the preponderance of the evidence that age was the but-for cause of his termination and therefore both his federal and state age discrimination claims should be dismissed**

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for an employer "to discharge . . . any individual with respect to his compensation, terms, conditions or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Similarly, Michigan's Elliott-Larsen Civil Rights Act ("ELCRA") prohibits employers from discriminating against individuals with respect to "employment, compensation, or a term,

13

condition or privilege of employment" because of age.   M.C.L. §
37.2202(1)(a). Plaintiff claims that Defendant terminated his employment
because of his age in violation of the ADEA and ELCRA.  Claims brought
under the ELCRA are analyzed under the same standard as an age
discrimination claim under ADEA.  *Geiger v. Tower Automotive*, 579 F.3d
614 (6th Cir. 2009).  Since Plaintiff's ADEA claim fails, Plaintiff also cannot
prevail under the ELCRA and, thus, both should be dismissed.

Age discrimination claims under either statute can be established by
either direct or circumstantial evidence. *Treadway v. California Products
Corporation*, 659 Fed.Appx. 201, 206-208 (6th Cir. 2016) (unpublished),
*DeBrow v. Century 21*, 463 Mich. 534 (2001), *Sniecinski v. Blue Cross Blue
Shield of Michigan*, 469 Mich. 124 (2003), *DiCarlo v. Potter*, 358 F.3d 408,
414 (6th Cir. 2004).  "Direct evidence of discrimination is that evidence
which, if believed, requires the conclusion that unlawful discrimination was
at least a motivating factor in the employer's actions."  *Wexler v. White's
Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (en banc) (internal
quotation marks omitted). "Circumstantial evidence, on the other hand, is
proof that does not on its face establish discriminatory animus, but does
allow a factfinder to draw a reasonable inference that discrimination
occurred."  *Id.*   Whether Plaintiff predicates his claim on direct or
circumstantial evidence, "the burden of persuasion remains on [Plaintiff] to

14

demonstrate that age was the" but-for "cause of [Defendant's] adverse action." *Gross v. FBL Financial Services*, Inc., 557 U.S. 167, 177-178 (2009).

In *Gross* the Supreme Court held "that a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the but-for cause of the challenged adverse employment action. The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Gross*, supra, at p. 180.   Rather, the correct standard for ADEA claims is whether the plaintiff has proven "by a preponderance of the evidence . . . that age was the 'but-for' cause of the challenged employer decision."   Plaintiff cannot do so here and, therefore, both his ADEA and ELCRA claims should be dismissed.

### A.    Direct Evidence

"The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination."   *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153; 120 S.Ct. 2097; 147 L.Ed.2d 105 (2000). "Statements by nondecisionmakers, or statements by decisionmakers

unrelated to the decisional process itself [cannot] suffice to satisfy the plaintiff's burden . . . of demonstrating animus." *Bush v. Dictaphone Corp.*, 161 F.3d 363, 369 (6th Cir. 1998) (internal quotation marks omitted) (alterations in original).

Plaintiff cannot make a claim for direct discrimination. Although Plaintiff claims that statements were made in the past about his age or retirement, which Defendant denies, Plaintiff makes absolutely no allegations that any such direct statements regarding his age were made during the decision process to terminate Plaintiff. Indeed immediately after Plaintiff was terminated Plaintiff executed an Application for Employment with Russ Milne Ford. (**Exhibit O**, Application for Employment). Under Plaintiff's experience, Plaintiff listed his employment with Huntington Ford and for the "Reason for Separation" he stated "could not lower my skill set to their level". (**Exhibit O**). There is no mention that he was even terminated or that the termination was the result of age discrimination. (**Exhibit O**). Plaintiff executed the Employment Application and certified that it was true and complete.

In order to show direct discrimination, the age discrimination needs to be related to the decisional process to terminate employment. Since Plaintiff has no such evidence, he does not have a direct evidence age discrimination claim.

### B.  Circumstantial Evidence

To set forth a prima facie case of age discrimination using circumstantial evidence, a plaintiff must establish that:1) he was a member of a protected class; 2) he was discharged; 3) the was qualified for the position held; and 4) he was replaced by someone outside of the protected class. *See Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008). If Plaintiff makes this showing, the burden of production shifts to Defendant to articulate a nondiscriminatory reason for its action. *Harris v. Metro. Gov't.*, 594 F.3d 476, 485 (6th Cir. 2010). If Defendant does so, the burden of production shifts back to Plaintiff to show that Defendant's proffered reason was mere pretext for intentional age discrimination. *Id.* A plaintiff may illustrate pretext by showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 434 (6th Cir. 2002). "The plaintiff retains the ultimate burden of proving that age was the but-for cause of the employer's adverse action." *Harris*, 594 F.3d at 485 (quotations omitted).

Plaintiff cannot establish a prima facie case of age discrimination because he cannot show the last element that he was replaced by someone outside of the protected class.  There are no allegations or evidence that at the time Plaintiff was terminated he was replaced by

17

someone outside of the protected class.  Indeed, there is no evidence that at the time of Plaintiff's termination his position was filled by anyone.  At most, shortly after his termination another employee, Mr. Banni, moved to Plaintiff's desk.  Mr. Banni, however, was fifty-six years old and, thus, was not outside of Plaintiff's protected class.  (**Exhibit N**).  The mere fact that Mr. Banni was moved to Plaintiff's desk cannot establish that Plaintiff was replaced by someone outside of the protected class.  Plaintiff, therefore, cannot show a prima face case of age discrimination.

Even if Plaintiff could establish a prima facie case of age discrimination, then Defendant has satisfied its burden of showing a legitimate, nondiscriminatory reason for termination.  Plaintiff failed to return to work after being suspended.  Plaintiff also violated several policies and procedures in the Employee Handbook including "unexcused absence", "disruptive behavior", "threatening, intimidating. . . interfering or fighting with employees" and "conduct offensive to, or in disregard of, the rights and privileges of others on Dealership premises."  (**Exhibit B**). Under the terms of employment, violation of these policies and procedures could lead to discipline including discharge.  (**Exhibit B**). Ultimately, based on Plaintiff's unwillingness to review the incident, the severity of his actions, and previous written and verbal warnings, a decision was made to terminate his employment.  (**Exhibit L**).  Considering these facts,

Defendant has satisfied its burden of showing a legitimate, nondiscriminatory reason for termination.

Where Defendant has offered a legitimate, nondiscriminatory reason -- failure to return to work after being suspended -- for terminating Plaintiff's employment, the burden shifts back to Plaintiff to offer sufficient evidence to create an issue of fact regarding pretext which Plaintiff cannot do.

Again, Plaintiff has the burden of showing "by a preponderance of the evidence, that age was the 'but-for' cause" of his termination. *Gross*, 557 U.S. at 180. To do so, Plaintiff must produce sufficient evidence to show that Defendant fabricated its nondiscriminatory explanation to conceal an illegal motive to terminate Plaintiff because of his age. *Chen v. Dow Chem. Co.,* 580 F.3d 394, 400 (6th Cir. 2009). "An employee can show pretext by offering evidence that the employer's proffered reason had no basis in fact, did not actually motivate its decision, or was never used in the past to discharge an employee. *Smith v. Chrysler Corp.*, 155 F.3d 799, 805-6 (6th Cir. 1998).

The first type of rebuttal requires that the employee show the employer's proffered reason for the discharge never happened. *Chattman v. Toho Tenax Am., Inc.*, 686 F.3d 339, 349 (6th Cir. 2012). The second type requires the employee to admit both the facts supporting the

19

employer's proffered reason and that such reason could have motivated the adverse action, and to present evidence that the employer was instead motivated by illegal discrimination. *Id.*   Finally, "[t]he third category of pretext consists of evidence that other employees, particularly employees outside the protected class, were not disciplined even though they engaged in substantially identical conduct to that which the employer contends motivated its discipline of the plaintiff." *Id.* Plaintiff cannot establish any of these categories and, thus, his claim should be dismissed.

### 1. Plaintiff cannot show that Defendant's proffered reason has no basis in fact.

Following the dispute between Plaintiff and Ms. Duley, Plaintiff was suspended from employment.  The December 21, 2016 Employee Warning Notice provided that Plaintiff had a "verbal and abusive altercation with several employees Duley, Calhoun, Malouf".  The Warning provides that Plaintiff is suspended 12/21/16, 12/22/16, and 12/23/16, and to return on Monday to discuss employment.  (**Exhibit K**).  The Sheriff's office incident report also indicated that Plaintiff was suspended and was to return to work on Monday, December 26, 2016.  (**Exhibit H**).  When Plaintiff did not return to work on Monday, a decision was made to terminate him on December 27, 2016:   "Dennis Willard did not show or call Monday 12/26/16 for disciplinary review meeting.  He did not show or call on Tuesday Morning

20

12/27/16.   Based on Dennis' unwillingness to review the incident, the severity of his actions, previous written and verbal warnings and additional input from department employees, his employment is terminated".  (**Exhibit L**).

Plaintiff claims that he was told to return on Wednesday, December 27, 2016, but that is inconsistent with the December 21, 2016 Employee Warning Notice which he refused to sign and the Sheriff's report. Moreover, the reason for termination also referenced previous written and verbal warnings and the nature of the incident allowed for termination under the Employee Handbook policies. (**Exhibit B**, pp. 27-29).   Plaintiff has offered no documentary evidence to show that Defendant's proffered reason has no basis in fact.

### 2. Plaintiff cannot show that Defendant's proffered reason did not actually motivate its termination decision.

Given the severity of the altercation between Plaintiff and Ms. Duley, Plaintiff's previous employment verbal and written warnings, and his failure to return to work on December 26, 2016, Plaintiff has not and cannot offer any reason to show that these reasons did not motivate Defendant's decision to terminate Plaintiff.   As such, Plaintiff cannot establish the second type of rebuttal evidence.

### 3. Plaintiff cannot show that Defendant's proffered reason was an insufficient motive to discharge Plaintiff.

The third type of rebuttal evidence "is a direct attack on the credibility of the employer's proffered motivation for taking the adverse action against the plaintiff." *Gulley v. Cnty. of Oakland,* 496 Fed.Appx. 603, 610 (6th Cir. 2012). To make this showing, a plaintiff may offer "evidence that other employees, particularly employees not in the protected class, were not fired even though they engaged in substantially identical conduct to that which the employer contends motivated its discharge of the plaintiff." *McKinley v. Skyline Chili, Inc.,* 534 Fed. Appx. 461, 465 (6th Cir. 2013). The plaintiff must show that he is similarly situated to a non-protected employee in all relevant respects. *Ercegovich v. Goodyear Tire & Rubber Co.,* 154 F.3d 344, 353 (6th Cir. 1998).

Plaintiff has not and cannot expressly identify any employee who was similarly situated to him. Plaintiff has not offered any evidence that another employee was involved in a similar incident, was given a similar warning and suspension, and failed to return to work timely after the suspension. As such, Plaintiff cannot show that Defendant's proffered reason was an insufficient motive to discharge Plaintiff.

Ultimately, Plaintiff cannot show by a preponderance of the evidence that age was the "but-for cause" of his termination. Plaintiff cannot escape

the fact that he was involved in a verbal altercation with another employee that led to that employee's resignation and a police investigation.  Plaintiff was suspended and failed to return to work when his suspension was over. Plaintiff cannot show by a preponderance of the evidence that his age was the but-for cause of his termination and, thus, his claims under the ADEA and ELCRA should be dismissed as a matter of law.

Respectfully submitted:

By:  s/ Ebony L. Duff
EBONY L. DUFF (P65431)
GARAN LUCOW MILLER, P.C.
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5543
eduff@garanlucow.com

Dated:  November 15, 2018
1417541

23

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


**CERTIFICATE OF SERVICE**

I hereby certify that on **November 15, 2018**, my assistant, Enis J. Blizman, electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

BRIAN J. FARRAR (P79404)
STERLING ATTORNEYS AT LAW, P.C.
Attorneys for Plaintiff
bfarrar@sterlingattorneys.com


 s/ Ebony L. Duff
EBONY L. DUFF (P65431)
Attorney for Defendant
1155 Brewery Park Blvd., Suite 200
Detroit, MI  48207
313.446.5543
eduff@garanlucow.com
P65431